**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| THE CENTRAL CONNECTICUT ) | CASE NO. 16-21255 (JJT) |
| COOPERATIVE FARMERS ) | |
| ASSOCIATION, ) | |
| ) | |
| DEBTOR. ) | |

**AMENDED APPLICATION TO RETAIN GREEN & SKLARZ, LLC,**
**AS SPECIAL COUNSEL TO CHAPTER 7 TRUSTEE**
**PURSUANT TO 11 U.S.C. § 327(a)**

Bonnie C. Mangan, Chapter 7 Trustee (the "Trustee") of the Estate of The Central Connecticut Cooperative Farmers Association, hereby applies for an order authorizing the employment of Green & Sklarz, LLC ("G&S"), as her counsel (the "Application"). In support of this Application, the Trustee respectfully represents upon information and belief as follows:

1. On August 1, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the U.S. Bankruptcy Code. The undersigned Trustee was appointed, duly qualified and is serving as Chapter 7 Trustee in this case.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue is proper before this court pursuant to 28 U.S.C. §§1408 and 1409.

3. By virtue of its *Order Approving Motion to* Employ, dated December 28, 2017 [ECF no. 147], this Court approved the Trustee's application to retain Hurwitz, Sagarin, Slossberg & Knuff, LLC ("HSSK") to represent the Trustee in defense of an action commenced

by CoBank, ACB ("CoBank") to resolve a controversy over the extent and validity of CoBank's alleged security interest in and to certain funds held by the Trustee in the bankruptcy estate; *CoBank, ACB v. Bonnie C. Mangan, Trustee*, Adv. Pro. No. 17-2080 (the "CoBank Action").

4. Subject to the Court's approval, the order concerning the retention to provide counsel to the Trustee in defending against claims brought by CoBank, provided that HSSK could charge the estate in the Debtor's case for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered. Specifically, the retention application had listed the hourly rate for Attorney Lawrence Grossman as $400.00, and $325.00 per hour for David C. Shufrin, another attorney at HSSK, who was also expected to render legal services on behalf of the Trustee in the CoBank action.

5. Thereafter, by virtue of its *Order Approving Application To Employ* [ECF no. 178], this Court approved the Trustee's application to retain HSSK as her special counsel [ECF no. 170] to represent the Trustee to investigate and, if appropriate, prepare and prosecute, recovery of monies, preference, fraudulent conveyance and other avoidance actions ("Chapter 5 claims") on behalf of the Estate. Pursuant to this Order, HSSK was to be compensated on a one-third contingency fee basis, plus reimbursement of costs and expenses, for efforts related to the Chapter 5 claims.

6. At the time of the aforementioned applications and Orders, Lawrence S. Grossman, Esq. ("Attorney Grossman"), was affiliated with HSSK and was the senior attorney working on this matter on behalf of the Trustee.

7. As of September 1, 2018, Attorney Grossman became a member of G&S. As such, the Trustee now applies for an order allowing her to hire G&S in lieu of HSSK, effective

{00087093.1 }

as of September 1, 2018..

8. Pursuant to §327(a) of the Bankruptcy Code, the Trustee desires to employ and retain G&S, and Attorney Grossman, Esq., to represent her in defense of the adversary proceeding commenced by CoBank and as counsel to investigate and, to prepare and prosecute, recovery of monies, preference, fraudulent conveyance and other avoidance actions.

9. The Trustee shall continue to perform all usual and customary services rendered by a Chapter 7 trustee of a liquidating entity including, but not limited to, evaluating and, if necessary, preparing objections to, claims against the Debtor's estate, and issuing initial demand letters to persons and entities in possession of property of the estate or who otherwise may owe money to the Debtor's estate.  However, the Trustee requires knowledgeable counsel to render the above-described essential professional services.  Attorney Grossman has substantial bankruptcy experience representing debtors, creditors and trustees, and has prosecuted and defended numerous property avoidance and other recovery actions and is well qualified to represent the Trustee in this case.

10. Subject to the Court's approval, G&S will charge the estate in the Debtor's case the same hourly rate for defense of the CoBank Action ($400.00 per hour for Attorney Grossman), and $350.00 per hour for associates and $85.00 per hour for paralegals) and will charge the Estate a 1/3 contingency fee for Value Recovered (as defined below) on behalf of the Estate, plus reimbursement of costs and expenses on all actions commenced by the Trustee to recover monies owed to the estate and under Chapter 5 of the Bankruptcy Code.  G&S will maintain detailed records of any actual and necessary or appropriate costs and expenses incurred in connection with the aforementioned legal services.

11. This application seeks authorization to compensate G&S on a one-third contingency fee basis, with payment to G&S calculated as one-third of the benefit to the Estate from G&S's efforts ("Value Recovered"). The Value Recovered shall be calculated as follows: (a) one-third of funds actually received by the Estate; plus (b) one-third of the "value" of the Estate funds preserved due to waivers of claims by creditors and this "value" shall be calculated as follows: as to administrative claims and general unsecured claims waived, the greater of: (A) twenty-five percent (25%) of the amount of the claims waived by creditors or (B) the percentage distributed to administrative claim holders and general unsecured creditors by the Trustee pursuant to the Trustee's final report (or interim reports).

12. G&S and HSSK have agreed that: (a) the *total* contingency fee payable with respect to the prosecution of any Chapter 5 claim(s) shall never exceed one-third (1/3) of the amount recovered for the benefit of the Estate; (b) G&S will file fee applications concerning all matters concerning its ongoing representation of the Trustee. Fees collected by G&S shall be held, in escrow, by G&S until such time as G&S and HSSK agree, in writing, to an apportionment of any fees awarded and paid by the Estate.

13. To the best of the Trustee's knowledge, information and belief, G&S has no connection with the Debtor, its creditors or any other party in interest, and is "disinterested person" as such term is defined in the Bankruptcy Code, except as disclosed in the *Declaration of Lawrence S. Grossman* filed in support hereof and referenced below.

14. To the best of the Trustee's knowledge, information and belief, G&S represents no interest adverse to the Debtor's estate. The Trustee submits that the employment of G&S would be in the best interests of the Debtor's estate and its creditors. A declaration executed on behalf of G&S in accordance with the provisions of § 327 of the

{00087093.1 }

Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedures and Local Rule of Bankruptcy Procedure 2014-1 is attached hereto and is incorporated herein by reference.

15. G&S has a professional liability insurance policy through CNA, with limits of $5,000,000.00 each occurrence and $5,000,000.00 general aggregate. The Trustee has been provided with a copy of the declarations of said insurance and said insurance will remain in force during the firm's retention.

16. G&S intends to apply to the Court for compensation for services rendered and reimbursement of expenses incurred post-petition in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Procedure and the guidelines of the office of the United States Trustee.

17. No previous application for the relief requested herein has been made in this case.

WHEREFORE, the Trustee respectfully requests for entry of an order authorizing it to employ G&S in this case, and for such other and further relief as to this Court shall deem just and proper.

Dated this 15th day of October, 2018 at South Windsor, Connecticut.

CHAPTER 7 TRUSTEE FOR THE ESTATE OF
THE CENTRAL CONNECTICUT COOPERATIVE
FARMERS ASSOCIATION

By: /s/ Bonnie C. Mangan
    Bonnie C. Mangan, Chapter 7 Trustee
    The Law Office of Bonnie C. Mangan, P.C.
    Westview Office Park
    1050 Sullivan Avenue, A3
    South Windsor, Connecticut 06074
    860-644-4204 phone
    860-644-4934 fax
    bonnie.mangan@manganlaw.com