**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| ) | CASE NO. 16-21255 (JJT) |
| THE CENTRAL CONNECTICUT ) | |
| COOPERATIVE FARMERS ) | |
| ASSOCIATION, ) | |
| ) | |
| DEBTOR. ) | |
| ) | |
| BONNIE C. MANGAN, Chapter 7 Trustee for ) | |
| THE CENTRAL CONNECTICUT ) | |
| COOPERATIVE FARMERS ASSOCIATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | RE: ECF No. 333 |
| v. ) | |
| ) | |
| BOISSELLE, MORTON & ASSOCIATES, LLP ) | |
| D/B/A BOISSELLE, MORTON, & ) | |
| WOLKOWICZ LLP, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING MOTION TO APPROVE SETTLEMENT AGREEMENT BETWEEN BONNIE C. MANGAN, CHAPTER 7 TRUSTEE, AND BOISSELLE, MORTON & ASSOCIATES, LLP D/B/A BOISSELLE, MORTON & WOLKOWICZ LLP**

Upon the Motion to Approve Settlement Agreement Between Bonnie C. Mangan (the "Trustee"), Chapter 7 Trustee, and Boisselle, Morton & Associates, LLP d/b/a Boisselle, Morton & Wolkowicz LLP (the "Defendant") (the "Motion", ECF No. 333), due and adequate notice having been made, and upon further consideration by the Court, it is hereby:

**ORDERED** that, the Motion is hereby granted; and it is further

**ORDERED** that, counsel to the Defendant shall turnover to the Trustee settlement funds paid by the Defendant, totaling $7,525.00 (the "Settlement Amount") within five (5) calendar

days of the entry of this Order, in full and final satisfaction of any claim the Estate may have against the Defendant concerning transfers of property of The Central Connecticut Cooperative Farmers Association to the Defendant; and it is further

**ORDERED** that, effective upon entry of this Order, Trustee, acting on behalf of the Estate of The Central Connecticut Cooperative Farmers Association, and the Defendant, are deemed to have released one another, from any and all claims, whether known or unknown, that either could assert against the other from the beginning of time through the date of the Motion concerning any avoidance claims that were asserted, or could have been asserted, under Chapter 5 of the Bankruptcy Code, including a waiver of the Defendant's distribution from the Debtor's estate as an unsecured creditor, although this release does not include any potential administrative claims the Defendant may or may not have, and does not prohibit the Defendant from filing an Application for an Administrative Claim in this proceeding, nor does it prohibit the Trustee from objecting to any such application, if filed ; and it is further

**ORDERED** that, effective upon entry of this Order and the closing, this adversary proceeding shall be deemed dismissed, with prejudice, with each party to bear its own costs; and it is further

**ORDERED** that the United States Bankruptcy Court for the District of Connecticut shall retain jurisdiction to enforce the Settlement, notwithstanding the closure or dismissal of the Debtor's bankruptcy case.

Dated at Hartford, Connecticut this 6th day of December, 2019.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut